Powers *v.* Chaplain.

HOLLIS L. POWERS

*v.*

CHARLES L. CHAPLAIN and others.

Although, by the terms imposed upon a defendant who is let in to answer, he is prevented from setting up usury, yet, if usury be proved, the complainant will be allowed to recover only the amount equitably due upon his mortgage.

Bill to foreclose.

*Mr. S. Howell Jones,* for complainant.

*Mr. W. B. Williams* and *Mr. Robert W. Wright,* of counsel for Chaplain.

THE CHANCELLOR.

The defendant Charles L. Chaplain was let in to answer, but on terms prohibiting him from setting up an uncon-

scientious defence.   He alleges, in his answer, that the com-
plainant's mortgage, which is a second mortgage on land in
Newark, and was made by him on the 24th of January,
1874, in favor of Henry D. Walker, and purporting to
secure the payment of $8,000 in fifteen months from that
date, with lawful interest, payable half-yearly, was made
without consideration, and merely in order that Walker
might raise the money upon it for him ; that Walker did not
negotiate it, but that he himself did ; that he sold it to the
complainant, on the 27th of March, 1874, for the sum of
$7,000 then paid to him therefor by the latter, and that the
complainant then was informed that the mortgage had been
made without consideration, and merely to be negotiated;
and he insists that the complainant is entitled only to that
sum of principal, less the amount of interest paid on the
premium ($1,000) and the amount of a note of $244.38,
given by him to the complainant in April, 1876, as a further
premium.   The complainant, on the other hand, denies that
Chaplain sold the mortgage to him, but alleges that he
bought it of Walker, with the understanding that it secured
an actual indebtedness of $8,000 from Chaplain to the latter,
and he claims that he is entitled to receive that sum, with
interest thereon from July 24th, 1876.

There is a contrariety of testimony between Chaplain and
Walker on the one hand and the complainant on the other,
in regard to the circumstances of the negotiation of the sale
of the mortgage.   Chaplain and Walker swear that it was
conducted entirely by Chaplain with the complainant, while
the complainant as distinctly swears that it was conducted
with him not by Chaplain, but by Walker ; he swears that
neither Walker nor Chaplain told him that the mortgage
was made without consideration, but that, on the contrary,
the former assured him that it was given for full considera-
tion.   There are some facts in the case, however, which are
either wholly undisputed or proved beyond question.   They
are, that the bond and mortgage were made without consid-
eration, and merely to be sold by Walker for the benefit of

Chaplain; that the complainant paid only $7,000 as con-sideration for the assignment of the bond and mortgage to him, all of which was received by Chaplain; that the latter called upon the complainant in reference to the assignment, and made the arrangement for it; that the affidavit which was delivered with the assignment contained no statement that the mortgage was made for a good and valid considera-tion; that the note of $244.38 was given by Chaplain to the complainant, for premium, in April, 1876, and that interest was paid up to July 24th, 1876, on the whole sum of $8,000.

The proof in the case does not support the complainant's statement of the transaction in question. Chaplain posi-tively swears that the sale was made by him, but, though speaking with positiveness, he appears to speak from impression rather than from recollection as to his having informed the complainant in the negotiation that the mort-gage was made without consideration, and merely for the purpose of being negotiated for him by Walker. Walker, however, not only swears positively that he did not himself negotiate the sale, and that it was effected by Chaplain and David A. Hayes, deceased, late of Newark, who appears to have been Chaplain's attorney, but he also swears, posi-tively, that when he received the check for the $7,000 from the complainant, he told the latter that the mortgage was made to him without consideration, that he had paid nothing for it, and that it was made to him for the purpose of sale and transfer. In corroboration of the statements of Chap-lain and Walker is the evidence of the affidavit. It was made by Chaplain and Walker, and though it states that the mortgage is a good and valid one, which Chaplain is bound to pay, and that neither they nor either of them had any legal or valid defence to the payment thereof, and that Walker had full power and lawful authority to assign it, it is silent as to the consideration. The complainant, indeed, says he objected to it on that account, but was satisfied, by the statement of Mr. Hayes, that "it made no difference;

that the usury laws of New Jersey were entirely different from those of New York." His lawyer and witness, Mr. Gilman, however, says that the criticism on the affidavit was merely that it was not quite such as was usual in such cases in New York, and that, in reply, Mr. Hayes said it was sufficient in New Jersey. He says there was nothing said in his presence (and he was present at the whole transaction, and heard all that was said,) about the consideration of the mortgage. And, again, he says that the question of consideration was not brought up, to the best of his recollection.

According to the testimony of the complainant and Gilman and Walker, Chaplain was present when the transfer was made. If so, it is quite probable that the reason why he took so much interest in the assignment of the bond and mortgage was stated to the complainant, or at least was understood by him.

The character of the complainant's testimony in regard to the note of $244.38, is such as materially to detract from the weight of his testimony in the cause, in comparison with that of Chaplain and Walker.

The evidence leads to the conclusion that the complainant, when he took the assignment of the bond and mortgage, fully understood that he was lending $7,000 to Chaplain on securities which, though on their face in favor of Walker, had been so drawn merely to facilitate the disposition thereof at a rate in excess of the lawful rate of interest, and fully understood, also, that the difference between the amount advanced and the amount the payment of which the bond and mortgage purported to secure was premium for the loan. It is proved that the note of $244.38 was given to him, on his application, as further premium for the same loan.

By the operation of the terms imposed upon Chaplain, on letting him in to answer, the complainant is saved from the consequences of the usury; but he will be permitted to recover only what is equitably his due.

*Allaire* v. *Hartshorne*, 1 *Zab.* 665; *Campbell* v. *Nichols*, 4 *Vr.* 81. He is entitled to recover, under his mortgage, $7,000 only of principal money, less the interest received by him on the $1,000 premium, and less, also, the $244.38. *Trusdell* v. *Jones*, 8 *C. E. Gr.* 121; *S. C. on appeal*, *Id.* 554. And he is entitled to interest on the principal due him as so calculated, from the 24th of July, 1876, and to costs.